1                                                                           JS-6

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11   In re Elva Maricely Funes,           No.    CV 14-6003 PA

12           Debtor,                       OPINION ON APPEAL FROM
                                           BANKRUPTCY COURT

13   Elva Maricely Funes,
                                           Bankruptcy Case No. 1:13-bk-16987-MT
14           Appellant,

15           v.

16   Strategic Acquisitions, Inc.; and HSBC
     Bank USA, N.A.,

17           Appellees.

18

19           Before the Court is an appeal filed by Elva Maricely Funes ("Funes").  Funes

20   challenges an order issued on July 3, 2014, denying her Motion to Reopen Chapter 13

21   Bankruptcy.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-

22   15, the Court finds that this matter is appropriate for decision without oral argument.

23   I.      Background

24           On April 11, 2007, Funes executed a deed of trust against her residence located in

25   Van Nuys, CA (the "Property").  (1 Excerpts of Record ("ER") 42.  The beneficiary of the

26   deed of trust was Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for

27   Mortgageit, Inc.  Appellee HSBC Bank USA, N.A. ("HSBC") eventually purchased the

28   loan.  (1 ER 42-43.)  Funes defaulted on the loan and, on January 6, 2010, foreclosure

1  proceedings were initiated against the Property.  (1 ER 64.)  A notice of trustee's sale was

2  recorded, setting a sale date of August 26, 2013.  (1 ER 75.)  This sale date was continued to

3  November 1, 2013.  On that date, appellee Strategic Acquisitions, Inc. ("Strategic")

4  purchased the Property as the high bidder at the foreclosure sale.  (1 ER 31, 35.)

5       Also on November 1, 2013, at 9:45 a.m., Funes filed for Chapter 13 bankruptcy.  (1

6  ER 1.)[1/]  At that time, Funes was represented by Bruce A. Thomason of the Thomason Law

7  Center.  (1 ER 1.)  Funes' voluntary petition was a facepage petition.  The filing did not

8  include the required schedules or statement of affairs.  (1 ER 1-7.)  Funes never filed her

9  schedules and the Bankruptcy Court issued a notice to Funes that she had 14 days to

10  properly file her schedules and other documents or her case would be dismissed.  (1 ER 8-9.)

11  Funes failed to comply and her bankruptcy case was dismissed on November 13, 2014.  (1

12  ER 15.)  The order of dismissal provided that the Bankruptcy Court retained jurisdiction

13  over "all issues arising under Bankruptcy Code § 110, 329 and 362."  (1 ER 15.)

14       On the same day the case was dismissed, Strategic filed a motion to retroactively

15  annul the automatic stay to allow the foreclosure sale to be completed by execution and

16  delivery of the Trustee's Deed Upon Sale ("TDUS").  (1 ER 16-88.)  This motion was

17  served on Funes by mail and on her counsel through the Bankruptcy Court's ECF system.

18  (Id.)  Strategic additionally served Funes and her counsel with a "Notice of Intent by

19  Movant, Strategic Acquisitions, Inc. to Proceed with Motion to Annul Automatic Stay and

20  for Relief from the Automatic Stay after Dismissal of Case."  (1 ER 89-91.)

21       Neither Funes nor her counsel filed an opposition to Strategic's motion or appeared at

22  the hearing on December 11, 2013.  (1 ER 92.)  The Bankruptcy Court granted the motion as

23  requested, found that the filing of the bankruptcy petition was in bad faith, and annulled the

24  stay in order to validate the sale to Strategic.  (1 ER 92-96.)  The order expressly stated that

25

26  _____

27  [1/]    This was not Funes' first bankruptcy petition.  According to Funes, she had
    previously filed for Chapter 13 protection on December 15, 2011.  Case No. 1:11-bk-24364-
28  MT.  (1 ER 99.)  That prior bankruptcy case was dismissed on May 6, 2013, after Funes
    failed to make required plan payments.  (1 ER 99, 103, 107.)

1   "Movant may enforce its remedies by completing the foreclosure sale of the Property."  (1

2   ER 93.)  The Bankruptcy Court served the order on both Funes and her counsel on

3   December 20, 2013.  (1 ER 96.)  Funes never appealed this order or otherwise sought

4   reconsideration or relief from the Bankruptcy Court.  (1 ER 530.)

5           The Bankruptcy Court closed the case on January 8, 2014.  (1 ER 97.)  Eight days

6   later, on January 16, 2014, Funes' current counsel, Simon Resnik Hayes LLP, filed an ex

7   parte motion to reopen the bankruptcy case and to vacate the order annulling the automatic

8   stay.  (1 ER 98.)  The Bankruptcy Court granted the motion to reopen the case on January

9   23, 2014, but denied the request to vacate the order annulling the stay.  (1 ER 134-35.)

10  Instead, the Bankruptcy Court concluded that Funes's effort to reimpose the stay was

11  procedurally improper because a debtor seeking to reimpose a stay must ordinarily file an

12  adversary proceeding seeking injunctive relief.  (Id.)  Funes did not appeal the denial of her

13  application to reimpose the stay.  (1 ER 531.)

14          On January 31, 2014, Strategic filed a lawsuit in Los Angeles Superior Court (the

15  "State Case") seeking an order requiring HSBC to issue the TDUS to Strategic as a result of

16  Strategic having been the winning bidder at the trustee's sale on November 1, 2013.  (1 ER

17  273-75.)  Funes, represented by her new counsel at Simon Resnik Hayes LLP, filed a

18  crosscomplaint in the State Case against Strategic and HSBC.  (Id.)  As part of the State

19  Case, Funes filed an ex parte application for a temporary restraining order to prevent HSBC

20  from issuing the TDUS. (Id.)  The Los Angeles Superior Court denied Funes' ex parte

21  application for temporary restraining order on April 18, 2014.  (Id.)  Funes then filed an ex

22  parte application for reconsideration of the denial of her request for a temporary restraining

23  order.  (Id.)  The Los Angeles Superior Court denied the ex parte application for

24  reconsideration on May 12, 2014. (Id.)

25          While the parties were litigating the State Case, Funes never filed the adversary

26  proceeding that the Bankruptcy Court had indicated was the procedurally proper method for

27  obtaining a reimposition of the bankruptcy stay.  Nor did Funes or her counsel at Simon

28  Resnik Hayes LLP file anything else in the reopened bankruptcy case, including filing the

1    required bankruptcy schedules and statement of affairs that were not filed when Funes first

2    filed the bankruptcy petition.  (1 ER 531.)  The Bankruptcy Court dismissed the reopened

3    case on February 14, 2014, as a result of Funes' failure, for a second time, to file the

4    required schedules.  ( ER 133.)

5          After not pursuing her reopened bankruptcy case, and having it dismissed for the

6    second time, Funes filed a new Chapter 13 case (her third) on April 8, 2014, as case number

7    1:14-bk-11843-AA.  On May 1, 2014, the Bankruptcy Court denied Funes' motion to

8    impose an automatic stay because Funes was not eligible to file a second Chapter 13 petition

9    in the same year and had not overcome the presumption of bad faith.  (1 ER 289-90.)

10   Strategic filed a motion to dismiss this new bankruptcy case on the grounds that Funes was

11   ineligible to file bankruptcy under 11 U.S.C. § 109(g).  Funes did not oppose the motion to

12   dismiss and the Bankruptcy Court granted the motion and dismissed this third Chapter 13

13   case on June 5, 2014.  (1 ER 292-93.)

14         Strategic and HSBC resolved the issues regarding the TDUS contained in Strategic's

15   State Case against HSBC.  As a result of that settlement, HSBC executed and delivered the

16   TDUS to Strategic.  Strategic recorded the TDUS on May 21, 2014.  (1 ER 259-60.)

17   Stretegic then dismissed its claims against HSBC in the State Case.  (1 ER 273-75.)

18         After her third bankruptcy petition was dismissed on June 5, 2014, and her request for

19   injunctive relief had been denied in the State Case, Funes filed, on June 17, 2014, a second

20   motion to reopen in bankruptcy case number 1:13-bk-16987-MT.  (1 ER. 139-239.)  In her

21   motion to reopen, Funes stated her intention to commence an adversary proceeding to

22   reimpose the bankruptcy stay, annul the Bankruptcy Court's December 20, 2013 order

23   granting Strategic's motion for relief from the automatic stay based on an argument that

24   Strategic lacked standing to seek relief from the stay, and pursue a claim against Strategic

25   and HSBC for violating the automatic stay.  (Id.)  Strategic and HSBC filed oppositions to

26   Funes' motion to reopen.  (1 ER 244-322, 441-96, 497-505.)  The Bankruptcy Court held a

27   hearing on Funes' motion to reopen on June 25, 2014, during which it denied the motion on

28   the record.  (2 ER 1-22.)  Among other reasons for denying Funes' motion, the Bankruptcy

1  Court stated: "You have had so many bites at the apple, there's like a core left. It's

2  ridiculous." (2 ER 17:6-7.) The Bankruptcy Court entered a written order denying the

3  motion on July 3, 2014. (1 ER 497.) In its written order, the Bankruptcy Court concluded:

4              [Strategic] did have standing to file a motion to annul the

5              automatic stay and that the Debtor did not oppose or appeal that

6              order. Those findings, along with the Debtor's prior conduct

7              and timing of this motion and the prior filing by the Debtor that

8              were not prosecuted or acted upon with reasonable diligence, the

9              Debtor's conscious decision to pursue her remedies in other

10             Courts, the Debtor's forum shopping and the recordation of the

11             trustee's deed upon sale when there was no automatic stay and

12             other factors support denial of the motion.

13  (1 ER 507-08.) Funes filed a notice of appeal on July 9, 2014. (1 ER 509.) Strategic

14  elected to have the appeal heard in this Court. (1 ER 522.)

15  II.   Jurisdiction

16        This Court possesses jurisdiction to consider the denial of a motion to reopen a

17  bankruptcy case. See In re Staffer, 306 F.3d 967, 971 (9th Cir. 2002) (holding that the Ninth

18  Circuit possesses jurisdiction over an appeal of a denial of a motion to reopen a bankruptcy

19  case pursuant to 28 U.S.C. § 158(d)). Although Funes identifies two issues on appeal, first,

20  whether the Bankruptcy Court erred in denying the motion to reopen, and second, whether

21  the Bankruptcy Court erred when it concluded that Strategic had standing to request

22  retroactive annulment of the automatic stay, only Funes' appeal of the Bankruptcy Court's

23  July 3, 2014 denial of the motion to reopen was timely and properly appealed. See Fed. R.

24  Bankr. P. 8002(a) (requiring a notice of appeal to be filed within 14 days of the entry of the

25  appealed order). Because Funes did not appeal the Bankruptcy Court's December 20, 2013

26  order granting of Strategic's motion for retroactive relief from the automatic stay, at all, let

27  alone within 14 days of its entry, this Court lacks jurisdiction over any challenge to that

28  order. See In re Mouradick, 13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of

-5-

1  Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives

2  the appellate court of jurisdiction to review the bankruptcy court's order.").[2]

3  III.   Standard of Review

4         The denial of a motion to reopen a bankruptcy case is reviewed for an abuse of

5  discretion.  In re Staffer, 306 F.3d at 971.  Under an abuse of discretion standard, this Court

6  must affirm the Bankruptcy Court's decision unless the Bankruptcy Court "applied the

7  wrong legal standard or its findings were illogical, implausible or without support in the

8  record.  See TrafficSchool.com, Inv. v. eDriver, Inc., 653 F.3d 820, 832 (9th Cir. 2011).

9  The Bankruptcy Court's decision may be affirmed on any ground finding support in the

10 record.  Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 135,

11 1364 (9th Cir. 1992).

12 IV.   Discussion

13        A bankruptcy case "may be reopened in the court in which such case was closed to

14 administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b).

15 "[R]eopening of a closed bankruptcy case is a ministerial act that functions primarily to

16 enable the file to be managed by the clerk as an active matter and that, by itself, lacks

17 independent legal significance and determines nothing with respect to the merits of the

18 case."  In re Menk, 241 B.R. 896, 912 (B.A.P. 9th Cir. 1999).  A motion to reopen

19 "legitimately presents only a narrow range of issues:  whether further administration appears

20

21

_____

22 [2]      Nor do Funes' efforts to interject the standing issue as part of her argument in support
   of her motion to reopen, and in this appeal, allow her to collaterally attack the Bankruptcy
23 Court's order granting Strategic's motion for relief from the automatic stay.  See In re
   Grantham Bros., 922 F.2d 1438, 1442 (9th Cir. 1991) ("The failure of the debtors to seek
24 any review, reconsideration, or stay of the bankruptcy court's order precluded the collateral
   attack in Needler's complaint.").  Moreover, even if the Court possessed jurisdiction to
25 consider Funes' attack on Strategic's standing to seek relief from the automatic stay, the
26 Ninth Circuit's Bankruptcy Appellate Panel recently concluded, in nearly identical
   circumstances, that the winning bidder at a foreclosure sale had standing to move for relief
27 from an automatic stay even without having received a trustee's deed upon sale.  See In re
28 Cruz, 516 B.R. 594, 602-03 (B.A.P. 9th Cir. 2014).

1    to be warranted; whether a trustee should be appointed; and whether the circumstances of

2    reopening necessitate payment of another filing fee." Id. at 916-17.

3           A party's lack of diligence may justify the denial of a motion to reopen. See

4    Redmond v. Fifth Third Bank, 624 F.3d 793, 799 (7th Cir. 2010) ("The longer a party waits

5    to file a motion to reopen a closed bankruptcy case, the more compelling the reason to

6    reopen must be.  In assessing whether a motion is timely, courts may consider the lack of

7    diligence of the party seeking to reopen and the prejudice to the nonmoving party caused by

8    the delay.").  Nevertheless, the Bankruptcy Court "has the duty to reopen an estate whenever

9    prima facie proof is made that it has not been fully administered." In re Herzig, 96 B.R. 264,

10   266 (B.A.P. 9th Cir. 1989).  "In order for the denial of a motion to reopen to constitute an

11   abuse of discretion, assets of such probability, administrability and substance must appear to

12   exist as to make it unreasonable under all the circumstances for the court not to deal with

13   them.  Where the chance of any substantial recovery for creditors appears too remote to

14   make the effort worth the risk, a trial court does not abuse its discretion in denying a motion

15   to reopen." Id. (quotation marks and citations omitted).  "[T]he decision whether to reopen

16   should not become a battleground for litigation of the underlying merits.  Neither the action

17   nor its possible value should be litigated in order to decide whether to reopen the bankruptcy

18   case." In re Lopez, 283 B.R. 22, 28 (B.A.P. 9th Cir. 2002).

19          Here, Funes does not contend that reopening the case would benefit her creditors.

20   Instead, Funes' motion to reopen was merely the latest procedural machination designed to

21   seek relief from the foreclosure that has already occurred.  These procedural maneuvers,

22   which have included at least three bankruptcy petitions, a prior motion to reopen, and the

23   pursuit of claims in the State Case cannot continue indefinitely.  This is particularly true

24   given that Funes and her counsel have repeatedly failed to pursue the remedies available to

25   them or to file the required schedules and pursue her bankruptcy remedies in good faith.

26   Specifically, Funes never filed the required schedules in bankruptcy case number 1:13-bk-

27   16987-MT, despite having been warned and having the case reopened once for that purpose.

28   Nor did she commence the adversary proceeding that the Bankruptcy Court had advised her

was the procedurally-appropriate vehicle for her to seek the relief she requested.  Instead, she pursued relief in the State Case until suffering adverse rulings.  Only after she failed to get relief in the State Case did Funes seek, for a second time, to reopen this bankruptcy case.

Funes and her counsel have never acted with the diligence necessary to justify this second motion to reopen.  The tactical decisions made by Funes and her counsel, and their failures to proceed diligently, have consequences.  Under these circumstances, the Bankruptcy Court's conclusion that Funes was not entitled to yet another bite at the apple was not an abuse of discretion.

IV.    <u>Conclusion</u>

For all of the foregoing reasons, the Court affirms the Bankruptcy Court's order denying Funes' motion to reopen.

IT IS SO ORDERED.

DATED:  December 4, 2014

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE